[Cite as *State v. Hackett*, 2014-Ohio-2739.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 14AP-48 |
| | | (C.P.C. No. 11CR-03-1392) |
| Victor Hackett, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 24, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

*Todd W. Barstow*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Defendant-appellant, Victor Hackett, is appealing from his conviction on a single count of possession of drugs in violation of R.C. 2925.11 following a bench trial. He assigns a single error for our consideration:

> THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION BY FINDING HIM GUILTY OF POSSESSION OF DRUGS AS THAT VERDICT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 2} R.C. 2925.11(A) defines possession of drugs as follows:

> (A) No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog.

{¶ 3}  Columbus Division of Police officers were summoned to a bar on the south side of Columbus upon a report of a fight in progress.  Upon arrival, they were told that Hackett and the bar manager had an altercation.  The officers reviewed surveillance video and decided that Hackett should be charged with assault.

{¶ 4}  During the arrest process, the officers found a packet of white powder in Hackett's pants pocket.  Field testing indicated that the packet contained cocaine.  The officers then decided to add a charge of possession of drugs.

{¶ 5}  Hackett, who had been cooperative up to that time, became combative.  This led to his being physically subdued by the officers.  Hackett then passed out.  This, in turn, led to his receiving medical attention before he was transported to jail.

{¶ 6}  "Possess" is defined in R.C. 2925.01(K) as follows:

> "Possess" or "possession" means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found.

{¶ 7}  "Knowingly" is defined in R.C. 2901.22(B) as follows:

> (B) A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.

{¶ 8}  There is no serious debate that Hackett had a small packet of cocaine in his pants pocket.  For purposes of this case, the issues apparently are whether or not Hackett was aware that he had a small packet of white powder in his pants pocket and that the packet contained cocaine.  Under the definition of "knowingly" he had only to be aware such circumstances probably existed.

{¶ 9}  Sufficiency of the evidence is the legal standard applied to determine whether the case should have gone to the jury. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).  In other words, sufficiency tests the adequacy of the evidence and asks

whether the evidence introduced at trial is legally sufficient as a matter of law to support a verdict. *Id.* "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks,* 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307 (1979). The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact. *Jenks* at 273. If the court determines that the evidence is insufficient as a matter of law, a judgment of acquittal must be entered for the defendant. *See Thompkins* at 387.

{¶ 10} Even though supported by sufficient evidence, a conviction may still be reversed as being against the manifest weight of the evidence. *Thompkins* at 387. In so doing, the court of appeals, sits as a " 'thirteenth juror' " and, after " 'reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *Id.* (quoting *State v. Martin,* 20 Ohio App.3d 172, 175 (1st Dist.1983)); *see also Columbus v. Henry,* 105 Ohio App.3d 545, 547-48 (10th Dist.1995). Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the most " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Thompkins* at 387.

{¶ 11} As this court has previously stated, "[w]hile the jury may take note of the inconsistencies and resolve or discount them accordingly, *see* [*State v.*] *DeHass* [10 Ohio St.2d 230 (1967)], such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Nivens,* 10th Dist. No. 95APA09-1236 (May 28, 1996). It was within the province of the jury to make the credibility decisions in this case. *See State v. Lakes* 120 Ohio App. 213, 217 (4th Dist.1964), ("It is the province of the jury to determine where the truth probably lies from conflicting statements, not only of different witnesses but by the same witness.")

{¶ 12} See *State v. Harris,* 73 Ohio App.3d 57, 63 (10th Dist.1991), (even though there was reason to doubt the credibility of the prosecution's chief witness, he was not so unbelievable as to render verdict against the manifest weight).

{¶ 13} Given the standard we are to apply at this stage of the proceedings, we cannot and do not disagree with findings of guilty entered by the trial court judge. It seems most unlikely that Hackett did not know he had the packet in his pants pocket and seems unlikely Hackett did not know the packet he had control over contained cocaine.

{¶ 14} The sole assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SADLER, P.J., and O'GRADY, J., concur.